Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5526 | **DATE** | 4/15/2003 |
| **CASE TITLE** | Tricontinental Industries, et al. vs. Anixter, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion to reconsider the order of 1/18/02 is denied. Plaintiff's motion for leave to supplement the motion for leave to file amended complaint and plaintiff's motion for leave to file amended complaint are granted. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 6 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | APR 16 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 4/15/2003 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRICONTINENTAL INDUSTRIES LTD., )
*et al.*, )
)
Plaintiffs, )
)
v. ) No. 01 C 5526
)
ALAN B. ANIXTER, *et al.*, )
)
Defendants. )

DOCKETED
APR 1 6 2003

## MEMORANDUM OPINION AND ORDER

On September 21, 1998, Tricontinental Industries, Ltd. and Tricontinental Distribution, Ltd. ("Tricontinental") sold assets to Anicom, Inc. ("Anicom") in exchange for Anicom stock. Tricontinental sued individual officers and directors of Anicom as well as PricewaterhouseCoopers, LLP ("PwC"), an accounting firm that provided auditing and consulting services to Anicom in the time surrounding the transaction, for violations of the Securities Acts of 1933 and 1934, and for violations of several Illinois laws. On January 18, 2002, I granted PwC's motion to dismiss the claims against it on the grounds that it was a secondary actor that had made no representations to the alleged victims of the scheme, and thus could be liable for fraud only under an "aiding and abetting" theory, which the Supreme Court has explicitly rejected. *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 191 (1994). Tricontinental now moves for reconsideration of that order on the grounds that new law and new evidence warrant

reevaluation of the issue of PwC's primary liability under §10(b) of the Securities and Exchange Act and Rule 10b-5. I deny the motion.

A motion for reconsideration may be granted on the basis of "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Tricontinental argues that two opinions issued during 2002, as well as new evidence of PwC's level of involvement in the transaction at issue, constitute such a significant change in law and facts. However, Tricontinental misreads the two cases it cites and misinterprets the new facts it offers.

The two new cases Tricontinental points to are *SEC v. Zandford*, 535 U.S. 813 (2002) and *In re Enron*, No. H-01-3624, 2002 U.S. Dist. LEXIS 25211 (S.D. Tex. Dec. 19, 2002). *Zandford*, a Supreme Court case, is of course controlling authority that would justify reconsideration of a previous order if it altered relevant law, but it effected no change in the law I applied in this case. I dismissed the claims against PwC because it was a secondary, rather than a primary, actor, and thus it could not be held liable for securities fraud. *Zandford* involved only one actor, a securities broker who lied to and stole from his clients. It has no impact on the liability of secondary actors, such as a fraudulent broker's auditors. Thus, it cannot be considered a "controlling or

2

significant change in the law" as described in *Bank of Waunakee*.

*Enron* is equally inapposite. The *Enron* plaintiffs, a class of investors in the failed energy company, filed suit against the corporation and numerous companies that provided it with professional services, including banks, law firms, and the accounting firm Arthur Andersen, alleging that these companies participated in massive securities fraud. The court, finding that the complaint stated a claim against Arthur Andersen, adopted language taken from an amicus brief filed by the Securities and Exchange Commission, and wrote that "when a person, acting alone or with others, *creates* a misrepresentation [on which the investor-plaintiffs relied], the person can be liable as a primary violator [of §10(b)]...if...he acts with the requisite scienter." *Enron*, at *76 (emphasis added). But Tricontinental does not allege that PwC *created* any of the allegedly fraudulent documents, merely that it "reviewed and provided assurance" regarding certain reports provided to investors. To call PwC the "creator" of documents into which it had no input as to either content or form, but which it merely endorsed, is a stretch of the concept of creation.

Tricontinental's final argument is that because PwC met with the plaintiffs and "actively participated in the negotiation" of the transaction it should be considered a "manipulative or deceptive device or contrivance" under §10(b). But as I discussed in my previous order, these allegations remain conclusory and

3

vague. Tricontinental fails to allege with particularity just what acts or statements by PwC are fraudulent, as required by Rule 9(b). Alleging that PwC lent an "aura of professionalism" to the proceedings does not meet this standard.

As there has been no significant or controlling change in the law or facts of this case since my previous order, the motion for reconsideration is DENIED.

ENTER ORDER:

*Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: April 15, 2003