# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5526 | **DATE** | 1/29/2004 |
| **CASE TITLE** | Tricontinental Industries, et al. vs. Anixter, et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Pricewaterhouse's motion to dismiss Counts IV and V of the amended complaint (111-1) and individual defendants' motion to dismiss common law fraud claim and certain statements (112-1) are granted and it is so ordered. Enter Memorandum Opinion and Order. Document numbers 121-1, 126-1, and 131-2 are terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 3 0 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 169 |
| | Copy to judge/magistrate judge. | | 1/29/2004 | |
| | | | date mailed notice | |
| MPJ | courtroom deputy's initials | | MPJ6 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

TRICONTINENTAL INDUSTRIES LTD., )
a British Columbia corporation, )
and **TRICONTINENTAL DISTRIBUTION** )
**LIMITED**, formerly known as )
**TEXCAN CABLES LIMITED**, a )
Canadian corporation, )
                                 )
          Plaintiff, )
                                 )   No.  01 C 5526
   v. )
                                   )
**ALAN B. ANIXTER, SCOTT C.** )
**ANIXTER, CARL E. PUTNAM, DONALD** )
**WELCHKO**, individuals, and )
**PRICEWATERHOUSECOOPERS, LLP,** )
                                 )
          Defendants. )

**DOCKETED**

JAN 3 0 2004

## MEMORANDUM OPINION AND ORDER

      Tricontinental Industries Ltd. and Tricontinental Distribution
Ltd., formerly known as Texcan Cables, Ltd. (collectively,
"Tricontinental"), sold assets to Anicom, Ltd. ("Anicom"), in
exchange for Anicom stock. Tricontinental sues individual officers
and directors of Anicom as well as PricewaterhouseCoopers, LLP
("PwC"), an accounting firm that provided auditing and consulting
services to Anicom in the time surrounding the transaction, for
violations of the Securities Acts of 1933 and 1934 and for
violations of several Illinois laws. I have previously dismissed
the claims arising against PwC, *Tricontinental Indus., Ltd. v.
Anixter,* 184 F. Supp. 2d 786 (N.D. Ill. 2002), as well as the
claims against the individual officers and directors arising under

the Securities Act of 1933. *Id.* I have further granted the individual defendants' motion to dismiss with regard to certain oral statements and press releases. *Tricontinental Indus., Ltd. v. Anixter,* 215 F. Supp.2d 942 (N.D. Ill. 2002). Tricontinental has since filed an amended complaint, adding two new claims: (1) Count IV, negligent misrepresentation on the part of PwC; and (2) Count V, common law fraud, specifically fraudulent concealment, against both PwC and the individual defendants. PwC moves to dismiss both claims against it; the individual defendants move to dismiss the common law fraud claim against them, as well as to dismiss certain statements alleged by Tricontinental in support of its other claims. I grant the motions.

I.

PwC moves to dismiss Count IV, negligent misrepresentation. On a motion to dismiss, I take all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *First Ins. Funding Corp. v. Federal Ins. Co.,* 284 F.3d 799, 804 (7th Cir. 2002). To sustain a claim of negligent misrepresentation, Tricontinental must allege a false statement of material fact on the part of PwC. *Bd. of Educ. v. A, C and S,* 131 Ill. 2d 428, 452 (1989). Tricontinental must also allege that PwC had a duty to Tricontinental to communicate accurate material. *Id.* Generally, under Illinois law, an auditor is only liable to those in privity of contract with him. *Wafra*

*Leasing v. Prime Capital Corp.,* 192 F. Supp.2d 852, 871-872 (N.D.
Ill. 2002) (Bucklo, J.) (citing the Illinois Public Accounting Act,
225 ILCS §450/30.1). Auditors, such as PwC, also owe a duty to
third parties with whom they are not in privity of contract when
they are aware that a previously prepared audit has been furnished
to the third party and if the auditor at that time verifies the
accuracy of the audit to the third party. *Id.* at 873. Nothing in
the amended complaint alleges a false statement of material fact
from PwC to Tricontinental, nor is there any allegation that PwC
owed a duty to Tricontinental. Tricontinental does not allege that
it was in privity of contract with PwC. While PwC may have been
aware that the 1997 audit prepared by PwC had been given to
Tricontinental, nowhere in the amended complaint does
Tricontinental allege that PwC then verified the accuracy of the
audit. Tricontinental has not alleged sufficient facts to support
a claim of negligent misrepresentation, and I grant PwC's motion to
dismiss Count IV.

## II.

PwC also moves to dismiss Count V, common law. As
Tricontinental's claim of fraudulent concealment is a form of
fraud, the claim must be pleaded with a heightened level of
specificity. Fed. Rule Civ.P. 9(b). To satisfy this requirement,
Tricontinental must plead the "who, what, when, where, and how"
involved in the alleged fraud. *DiLeo v. Ernst & Young,* 901 F.2d

3

624, 627 (7th Cir. 1990). Tricontinental does not meet this burden. Nothing in the pleadings before me alleges with this degree of particularity representations made by PwC after Tricontinental's stock purchase. Tricontinental does allege omissions on the part of PwC. However, as discussed in my previous memorandum opinion of July 18, 2002, PwC had no duty to reveal misleading statements on the part of its clients. *Chestnut Corp. v. Pestine, Brinati, Gamer, Ltd.*, 281 Ill. App. 3d 719 (Ill. App. Ct. 1996). Alleged omissions on the part of PwC of alleged misrepresentations on the part of Anicom's officers and directors cannot sustain a claim of fraudulent concealment.

Further, Rule 9(b) also requires that the plaintiff plead with specificity sufficient facts to "provide a basis for believing that [they] could prove *scienter* at trial." *Kreindler v. Chemical Waste Mgmt., Inc.*, 877 F. Supp. 1140, 1152 (N.D. Ill. 1995)(Castillo, J.). Conclusory statements as to PwC's knowledge are not sufficient. *See, e.g., DiLeo*, 901 F.2d at 629. Nothing in the amended complaint provides anything beyond conclusory statements about PwC's knowledge. For these reasons, I grant PwC's motion to dismiss Count V of the amended complaint.

### III.

Scott C. Anixter, Alan B. Anixter, Carl E. Putnam, and Donald Welchko (collectively, "individual defendants") have also moved to dismiss Count V of the amended complaint, as well as certain other

4

aspects of the complaint. Specifically, they move to dismiss the use of certain oral statements and press releases alleged in support of Tricontinental's claims. While Tricontinental alleges statements that technically conform to the particularity requirement of Rule 9(b), these statements are not sufficient to support their claims of fraud. First, only statements attributed to an individual or collectively to the identified four individual defendants are sufficiently particular; statements attributed to Anicom or to defendants generally are not. *See, e.g., Sears v. Likens,* 912 F.3d 889, 893 (7th Cir. 1990) ("A complaint that attributes misrepresentations to all defendants, lumped together for pleading purposes, generally is insufficient.). Second, even those statements attributed to individual defendants by Tricontinental are insufficient to support the claim of fraud. A number of these statements have already been dismissed by this Court, and will not be reconsidered here. *See Tricontinental Indus. Ltd. v. Anixter,* 215 F. Supp. 2d 942 (N.D. Ill. 2002)(declaring statements not actionable that correspond to ¶31, 33 and 42 of the amended complaint).

Tricontinental alleges additional oral statements and press releases attributed to the individual defendants to support its claims. *See* Amended Complaint, ¶27, 50, 65, 70, 71. However, as discussed in my previous memorandum opinion of July 18, 2002, statements which consist of predictions and forecasts, as these

statements do, are not actionable. *See, e.g., Searls v. Glasser*, 64 F.3d 1061, 1066 (7th Cir. 1995)(stating that such statements are "better described as puffery rather than as material statements of fact"). These oral statements and press releases are not actionable. As Tricontinental alleges no further support for its claim of fraudulent concealment, I also grant the individual defendants' motion to dismiss Count V.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: January 29, 2004