# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5526 | **DATE** | 4/8/2004 |
| **CASE TITLE** | Tricontinental, et al. Vs. Anixter, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting Pricewaterhousecoopers, LLP's motion to dismiss second amended complaint. Accordingly, defendant, Pricewaterhousecoopers, LLP is dismissed from the case. Defendant, Pricewaterhousecoopers' motion to modify the discovery schedule is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

No notices required, advised in open court.
No notices required.
✓ Notices mailed by judge's staff.
Notified counsel by telephone.
Docketing to mail notices.
Mail AO 450 form.
Copy to judge/magistrate judge.

MPJ courtroom deputy's initials

number of notices: 8
date docketed: APR 09 2004
docketing deputy initials
date mailed notice: 4/8/2004
MPJ
mailing deputy initials

Date/time received in central Clerk's Office

Document Number

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRICONTINENTAL INDUSTRIES LTD., )
a British Columbia corporation, )
and **TRICONTINENTAL DISTRIBUTION** )
**LIMITED**, formerly known as )
**TEXCAN CABLES LIMITED**, a )
Canadian corporation, )
)
                Plaintiffs, )
)
v. ) No. 01 C 5526
)
**ALAN B. ANIXTER, SCOTT C.** )
**ANIXTER, CARL E. PUTNAM, DONALD** )
**WELCHKO**, individuals, and )
**PRICEWATERHOUSECOOPERS, LLP**, )
)
                Defendants. )

DOCKETED
APR 0 9 2004

## MEMORANDUM OPINION AND ORDER

Tricontinental Industries Ltd. and Tricontinental Distribution Ltd., formerly known as Texcan Cables, Ltd. (collectively, "Tricontinental"), sold assets to Anicom, Ltd. ("Anicom"), in exchange for Anicom stock. Tricontinental sues individual officers and directors of Anicom as well as PricewaterhouseCoopers, LLP ("PwC"), an accounting firm that provided auditing and consulting services to Anicom in the time surrounding the transaction, for violations of the Securities Acts of 1933 and 1934 and for violations of several Illinois laws. I have previously dismissed the claims arising against PwC, *Tricontinental Indus., Ltd. v. Anixter*, 184 F. Supp. 2d 786 (N.D. Ill. 2002), as well as the claims against the individual officers and directors arising under

the Securities Act of 1933. *Id.* I have further granted the individual defendants' motion to dismiss with regard to certain oral statements and press releases. *Tricontinental Indus., Ltd. v. Anixter*, 215 F. Supp.2d 942 (N.D. Ill. 2002). Tricontinental filed a first amended complaint, adding Counts IV and V, and a second amended complaint adding Counts VI and VII. I granted the motions to dismiss Counts IV and V in an order dated January 29, 2004, and subsequently declined to reconsider that ruling as it applied to PwC. Now PwC moves for dismissal of Counts VI and VII of the second amended complaint. I GRANT the motion.

On a motion to dismiss, I accept all well-pleaded allegations in the complaint as true, and grant the motion only if the plaintiff can prove no set of facts to support its claim. *Thompson v. Ill. Dep't of Prof. Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). However, a plaintiff can plead itself out of court by pleading facts that undermine the allegations set forth in its complaint. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

In Count VI, the plaintiffs allege that PwC violated section 10(b) of the Exchange Act in connection with its 1997 audit of Anicom's financial statements. In order to maintain a claim for fraud under this section, plaintiffs must allege both "transaction causation" and "loss causation." *Bastian v. Petren Res. Corp.*, 892 F.2d 680, 685 (7th Cir. 1990). That is, the plaintiff must allege

both that it "would not have invested in the instrument if the defendant had stated truthfully the material facts" *and* that "it was the very facts about which the defendant lied which caused its injuries." *Caremark, Inc. v. Coram Healthcare Corp.*, 113 F.3d 645, 648 (7th Cir. 1997). In other words, "but for the circumstances that the fraud concealed, the investment ... would not have lost its value." *Bastian*, 892 F.2d at 683. In the context of a disputed sale of stock, plaintiffs must allege both that its value at the time of the transaction was inflated due to the defendants' misrepresentations and that the value of the shares declined once the truth was known. *Johnson v. Mut. Sav. Bank*, No. 95-C2379, 1996 U.S. Dist. LEXIS 1899, at *10-11 (N.D. Ill. Feb. 21, 1996) (Grady, J.). Here, plaintiffs clearly allege transaction causation – they state that but for the misrepresentations, they would not have entered into the transaction. However, they fail to allege loss causation. Plaintiffs admit in their brief in opposition to the motion to dismiss that the stock's drop in value was caused by the public revelation of misstatements in Anicom's 1998 and later financial statements and its subsequent bankruptcy filing, not by public exposure of the 1997 fraud. However, they argue that there was an "integral relationship" between the 1997 fraud and the 1998-2000 frauds, and that the 1997 fraud was "rolled over" and incorporated into the later misstatements that caused the drop in value. This argument is unavailing. They cite to no cases where an

3

allegation of loss causation was permitted to proceed based on the allegation of a "rollover" fraud or other equally attenuated chain of causation. The motion to dismiss is GRANTED as to Count VI.

In Count VII, the plaintiffs allege that PwC committed common law fraud in connection with its 1997 audit. The elements of fraud are:

> (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement.

*Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 591 (Ill. 1997). This claim fails because the plaintiffs do not allege that PwC intended to induce action on the part of plaintiffs or anyone else. Nothing in the case plaintiffs cite, *Stein v. D'Amico*, No. 86-C9099, 1989 WL 91874 (N.D. Ill. Aug. 8, 1989) (Leinenweber, J.), contradicts *Connick*'s holding that a fraud plaintiff must allege intent; that case simply holds that the defendant need not intend to defraud a particular party. Here, PwC is not alleged to have intended to mislead anyone at all; the complaint only states that PwC acted "knowingly." This is too vague to meet the high pleading standards of Rule 9. The motion to dismiss is GRANTED as to Count VII.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: April 8, 2004

4