# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5526 | **DATE** | 4/8/2004 |
| **CASE TITLE** |  | Tricontinental, et al. Vs. Anixter, et al. | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting in part and denying in part plaintiffs' motion for reconsideration. The motion is granted as to the individual defendants and the order of January 29, 2004 is reversed as follows: Count V survives against the individual defendants insofar as it is based on fraudulent factual statements made in SEC filings signed by the individual defendants. The motion is denied as to Counts IV and V against PWC.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 8 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | APR 09 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 186 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/8/2004 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRICONTINENTAL INDUSTRIES LTD.,  )
a British Columbia corporation,  )
and **TRICONTINENTAL DISTRIBUTION**  )
**LIMITED**, formerly known as  )
**TEXCAN CABLES LIMITED**, a  )
Canadian corporation,  )
                                 )
              Plaintiff,         )
                                 )
     v.                          )    No.  01 C 5526
                                 )
**ALAN B. ANIXTER, SCOTT C.**    )
**ANIXTER, CARL E. PUTNAM, DONALD** )
**WELCHKO**, individuals, and    )
**PRICEWATERHOUSECOOPERS, LLP,** )
                                 )
              Defendants.        )



## MEMORANDUM OPINION AND ORDER

Tricontinental Industries Ltd. and Tricontinental Distribution Ltd., formerly known as Texcan Cables, Ltd. (collectively, "Tricontinental"), sold assets to Anicom, Ltd. ("Anicom"), in exchange for Anicom stock. Tricontinental sues individual officers and directors of Anicom as well as PricewaterhouseCoopers, LLP ("PwC"), an accounting firm that provided auditing and consulting services to Anicom in the time surrounding the transaction, for violations of the Securities Acts of 1933 and 1934 and for violations of several Illinois laws. I have previously dismissed the claims arising against PwC, *Tricontinental Indus., Ltd. v. Anixter,* 184 F. Supp. 2d 786 (N.D. Ill. 2002), as well as the claims against the individual officers and directors arising under



the Securities Act of 1933. *Id.* I have further granted the individual defendants' motion to dismiss with regard to certain oral statements and press releases. *Tricontinental Indus., Ltd. v. Anixter,* 215 F. Supp.2d 942 (N.D. Ill. 2002). Tricontinental filed a first amended complaint, adding two new claims: (1) Count IV, negligent misrepresentation on the part of PwC; and (2) Count V, common law fraud, specifically fraudulent concealment, against both PwC and the individual defendants. PwC moved to dismiss both claims against it; the individual defendants moved to dismiss the common law fraud claim against them, as well as to dismiss certain statements alleged by Tricontinental in support of its other claims. While these motions to dismiss were pending, Tricontinental moved to file a second amended complaint adding Counts VI and VII. In open court, defense counsel objected to the second amended complaint on the grounds that it might interfere with the pending motions to dismiss. Plaintiff's counsel assured the court that Counts IV and V were exactly the same in the first and second amended complaints. Based on that assurance, I permitted the entry of the second amended complaint and proceeded to grant the motions to dismiss in an order dated January 29, 2004. Now Tricontinental moves for reconsideration of that ruling. I GRANT in part and DENY in part the motion to reconsider.

The plaintiffs exhibit some confusion about which version of the complaint is under consideration. Plaintiffs did not seek leave

of court to re-plead Counts IV and V with the support of a sturdier set of alleged facts. They sought leave only to add two supplemental claims, Counts VI and VII. Plaintiffs' counsel assured me in open court that Counts IV and V appeared in the Second Amended Complaint "exactly as they were" in the Amended Complaint, and that the proposed amendment presented no obstacle to the then-pending motions to dismiss. Now that those counts have been dismissed, plaintiffs argue that in fact, Counts IV and V are new and improved in the Second Amended Complaint. Contrary to plaintiffs' argument, this court did not fail "to take into account the relationship between the Amended Complaint and the Second Amended Complaint," because the Second Amended Complaint did not "supersede the Amended Complaint" as to Counts IV and V. The new and improved Counts IV and V simply are not before me, because I never permitted them to be changed. Thus, in evaluating Counts IV and V, I evaluate only the versions set forth in the original Amended Complaint.

I erred in dismissing Count V against the individual plaintiffs. The Amended Complaint does allege with sufficient particularity that the individual defendants knowingly made false factual statements in the SEC filings they signed. *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02-C5893, 2004 U.S. Dist. LEXIS 4659, at *18 (N.D. Ill. Mar. 22, 2004) (Guzman, J.); *In re Anicom Inc. Sec. Litig.*, No. 00-C4391, 2001 U.S. Dist.

LEXIS 6607, at *11 (N.D. Ill. May 18, 2001) (Darrah, J.). The motion to reconsider is GRANTED as to the individual defendants and my January 29, 2004 order is reversed as follows: Count V survives against the individual defendants insofar as it is based on fraudulent factual statements made in SEC filings signed by the individual defendants.

The motion to reconsider is DENIED as to Counts IV and V against PwC. As discussed in my previous order, plaintiffs fail to plead sufficient facts to show that PwC had any duty to plaintiffs, a requirement for a claim of negligent misrepresentation. The case plaintiffs rely on, *Builders Bank v. Barry Finkel & Assocs.*, 790 N.E.2d 30, 33 (Ill. App. Ct. 2003), is inapposite, as the defendant auditor in that case worked directly with the injured plaintiff, "personally consulting" with its representatives and "personally providing" to the plaintiff that financial statements it had prepared. Nothing like such intimate involvement between Tricontinental and PwC is alleged here.

Similarly, the motion to reconsider is DENIED as to Count V. In order to state a cause of action for fraudulent concealment, there must be a duty on the part of the defendant to disclose the information allegedly concealed. Tricontinental has not alleged facts that, if true, would support its position that PwC bore such a duty toward Tricontinental, because as I have stated in earlier rulings in this case, an accountant has no duty to blow the whistle

on improper behavior by its clients. *Tricontinental*, 184 F. Supp. 2d at 788.

ENTER ORDER:

*[signature]*

**Elaine E. Bucklo**
United States District Judge

Dated: April 8, 2004