IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRICONTINENTAL INDUSTRIES LTD.,       )
a British Columbia corporation,       )
and **TRICONTINENTAL DISTRIBUTION**   )
**LIMITED**, formerly known as        )
TEXCAN CABLES LIMITED, a              )
Canadian corporation,                 )
                                      )
              Plaintiffs,             )
                                      )
        v.                            )   No. 01 C 5526
                                      )
**ALAN B. ANIXTER, SCOTT C.**         )
**ANIXTER, CARL E. PUTNAM, DONALD**   )
**WELCHKO**, individuals,             )
                                      )
              Defendants.             )

## MEMORANDUM OPINION AND ORDER

This is an action for alleged fraud in the sale of securities. Tricontinental Industries LTD and Tricontinental Distribution Limited (collectively, "Tricontinental") move to vacate the dismissal of, and replead, their claims against Pricewaterhouse-Coopers, LLP (PwC). In five prior opinions I have dealt with Tricontinental's efforts to state a viable claim against PwC, and none of the arguments advanced on this motion persuades me to depart from my previously expressed views. *See Tricontinental Industries v. Anixter*, 184 F.Supp.2d (N.D. Ill. 2002); *Tricontinental Industries v. Anixter*, 256 F.Supp.2d 806 (N.D. Ill. 2002); *Tricontinental Industries v. Anixter*, 299 F.Supp.2d 863 (N.D. Ill. 2004); *Tricontinental Industries v. Anixter*, 313 F.Supp.2d 785

(N.D. Ill. 2004); and *Tricontinental Industries v. Anixter*, 313 F.Supp.2d 788 (N.D. Ill. 2004).

On September 21, 1998, Tricontinental sold certain assets to the Chicago-based Anicom, Inc. for cash and Anicom securities. The Anicom securities were valued at the closing at more than $33.5 million dollars. Since then, Anicom has gone into bankruptcy. Tricontinental's claims against PwC were based upon PwC's role as Anicom's certified public accountants and sought to impose liability on PwC under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 of the Securities Exchange Commission (SEC) promulgated thereunder, as well as under the laws of the state of Illinois.

Tricontinental filed its original complaint on July 17, 2001. On January 18, 2002, after extensive briefing, I granted PwC's motion to dismiss all claims pleaded against it. Tricontinental filed a motion for reconsideration of my January 18, 2002 order, which was denied on April 15, 2003. Meanwhile, Tricontinental filed a motion for leave to file an amended complaint, which I granted. The amended complaint purported to state only three claims against PwC, one for securities fraud and two counts numbered IV and V under Illinois law: negligent misrepresentation and common law fraud. On September 26, 2003, while the motion to dismiss the amended complaint was pending and approximately one month prior to the scheduled cut-off of fact discovery,

Tricontinental sought leave to file a second amended complaint and assured me that the two common law counts against PwC were completely unchanged in the proposed second amended complaint. (Transcript of 9/26/03 hearing at 8). I allowed the filing of the second amended complaint.

Tricontinental insists that it is entitled to amend counts IV and V originally pleaded in its amended complaint. These are counts which, on September 26, 2003, Tricontinental's then counsel represented to the court were unchanged in the second amended complaint. As it turned out, the counts had in fact been changed.

Tricontinental relies on two arguments in support of its motion to amend. First, it argues that a consent decree entered in an SEC administrative proceeding against Gary Seidelman,[1] a PwC partner, found that "Seidelman was directly involved in, and responsible for, the preparation of the false, unqualified audit opinions that concealed Anicom's true financial condition." The existence of the consent decree was hardly new on January 13, 2005, when Tricontinental first brought it to the attention of the court in its initial memorandum in support of the present motion. The decree was the subject of an SEC release in August, 2004, almost seven months after I entered the order dismissing the complaint as

---

[1] In the matter of Gary L. Seidelman, Exchange Act Release No. 34-50179, Accounting and Auditing, S.E.C. Docket 1634, 2004 WL 2211347 (August 11, 2004).

against PwC. More importantly, the consent decree adds nothing substantive to Tricontinental's claim against PwC for negligent misrepresentation and common law fraud. There is a substantial question as to whether the consent decree would even be admissible at trial, even if it were relevant. *See Latigo Ventures v. Laventhol & Horwath*, No. 85 C 9584, 1987 WL 26237, *4 (N.D.Ill. Nov. 27, 1987). Putting aside, however, problems as to admissibility,[2] the consent decree does nothing to solve Tricontinental's ongoing failure to plead a viable claim against PwC. The central issue here is whether PwC had a duty to Tricontinental during the 1998 negotiations that led to the sale of the Anicom securities to speak up concerning accounting irregularities PwC may have discovered during its audit of Anicom's 1997 financial statements. I have repeatedly held that it did not. The consent decree does not address any problems encountered in PwC's audit of the 1997 Anicom statement. It does not even mention that statement, but is concerned only with PwC's involvement in financial statements that were generated *after* the sale.

Second, Tricontinental contends that the June 25, 2004 decision in *Freeman, Freeman and Salzman v. Lipper*, 812 N.E.2d 562

---

[2] Seidelman entered into the consent decree without admitting or denying any of the SEC's findings; PwC was not a party to the enforcement proceeding; Endnote 2 to the consent decree expressly states: "The findings herein are made pursuant to Seidelman's Offer of Settlement and are not binding on any other person or entity in this or any other proceeding."

(Ill.App.Ct. 2004) changed the law in Illinois with respect to the duty owed by accountants to third parties (non-clients). I do not read *Freeman* so broadly. To the contrary, I read it as being totally consistent with prior Illinois decisions on accountant's professional liability. Illinois law starts with the proposition that accountants may not be held liable to persons with whom they are not in privity of contract. The Illinois statute governing accountants' liability provides for an exception to this general rule where the accountant was aware that the client's primary intent was to benefit or influence the plaintiff in a malpractice or negligence action. 225 Ill. Comp. Stat. 450/30.1(2). In *Freeman*, the individual plaintiffs were investors in and limited partners of Lipper Funds. The accountants were engaged by Lipper for the specific purpose of determining each limited partner's capital account on an annual basis, as well as to audit the annual statements of the Funds. The partners' individual statements of account and determination of gain or loss (IRS Forms K-1) were sent by the accountants directly to the individual investors and relied upon by them in preparing their federal income tax returns. Notwithstanding these facts, the trial court dismissed the complaint. The Illinois Appellate Court reversed and held that the complaint stated a cause of action for accountants' liability.

The *Freeman* decision is consistent with earlier and subsequent Illinois cases. *See e.g., Builders Bank v. Barry Finkel & Assoc.*,

273 Ill.Dec. 888 (Ill.App.Ct. 2003); *Kopka v. Kamensky & Rubinstein*, 821 N.E.2d 719 (Ill.App.Ct. 2004). Despite having filed three versions of its complaint, Tricontinental has never pleaded that at the time PwC was retained to audit Anicom's 1997 financial statement, PwC was aware that Anicom's primary intent was to benefit or influence Tricontinental, and I doubt that any factual basis exists for making such an allegation. In any event, the argument that *Freeman*, supra, requires giving Tricontinental yet another opportunity to replead not only comes too late, it is wrong.

For the foregoing reasons, I deny Tricontinental's motion to vacate dismissal of and replead claims against PwC.

**ENTER ORDER:**

_Elaine L Bucklo_
**Elaine E. Bucklo**
United States District Judge

Dated: April 27, 2005

6